## Hoover v. Commonwealth.

(Decided December 8, 1925.)

### Appeal from Estill Circuit Court.

1. Criminal Law—Within Certain Limitations, Credibility of Witnesses is Exclusively for Jury.—Within certain limitations, credibility of witnesses is exclusively for jury.

2. Conspiracy—Evidence Held Sufficient to Sustain Conviction for Confederating and Banding Together to Intimidate and Alarm Another.—Evidence held sufficient to sustain conviction for confederating and banding together to intimidate and alarm another.

3. Criminal Law—Error, if Any, in Admission of Testimony, is Waived by Failure to Object Thereto.—Error, if any, in admission of testimony, is waived by failure to object thereto.

4. Criminal Law—Argument of Counsel as to Place of Defendant's Residence Established by the Evidence Not Improper.—Argument of prosecuting attorney that defendants lived on particular mountain, a fact established by the evidence, held not improper.

5. Criminal Law—Argument of Counsel, in Prosecution for Confederating and Banding Together to Intimidate Another, Held Not Prejudicial.—In prosecution for confederating and banding together to intimidate and alarm another, argument of prosecuting attorney that people living in same locality as defendants had been shooting into people's houses, and had not been convicted, and that unless jury began convicting them county would be ruined, held not prejudicial.

6. Criminal Law—Argument of Counsel, in Prosecution for Confederating and Banding Together to Intimidate Another, Held Not Prejudicial.—In prosecution for confederating and banding together to intimidate and alarm another, argument of counsel that "gang of outlaws on Barnes Mountain (where defendants lived) is a disgrace to Estill county" held warranted and not prejudicial.

A. F. BYRD for appellant.

FRANK E. DAUGHERTY, Attorney General, CHAS. F. CREAL, Assistant Attorney General, and J. M. McDANIEL for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Affirming.

Appellant, John Thomas Hoover, and a number of other persons were indicted by the grand jury of Estill county charged with confederating and banding together to intimidate and alarm another. Motion for a severance was made and the Commonwealth elected to try appellant. The jury found him guilty and fixed his punishment at confinement in the penitentiary for one year and one day. He appeals.

Harlow Richardson, his wife, Susie Richardson, and his mother, Sarah Richardson, were the principal witnesses for the Commonwealth, and, according to their testimony, the seven defendants named in the indictment came to their home between twelve and one o'clock on the night of January 25, 1925. Each of the seven defendants was armed with a shotgun. They surrounded his home; each of them fired a shot into it; and while there they cursed, abused and threatened the witnesses. As a motive for their so doing the Commonwealth proved that Harlow Richardson had reported unlawful whiskey manufacturing engaged in by defendants. The three

witnesses for the Commonwealth positively identified the appellant, John Thomas Hoover, and his six co-defendants as being present and taking part in the acts of intimidation testified to by them. Appellant and his co-defendants denied having been at the home of Harlow Richardson on the occasion in question or at all, or having done any of the things attributed to them by the witnesses for the Commonwealth. By their own and the testimony of their witnesses the defendants proved an alibi.

It is insisted for appellant that the testimony of the witnesses for the Commonwealth is so improbable and unbelievable that it should be rejected by this court and the verdict be held to be flagrantly against the evidence. The argument is made that, since these witnesses testified that this transaction occurred between twelve and one o'clock at night and that there was no moon to give light, their testimony that they could see and recognize the defendants is unbelievable. It is also argued that the testimony of the witnesses for the Commonwealth that the seven defendants on the occasion in question while committing the offense charged talked to each other and called each other by name and thereby identified themselves to the witnesses is too improbable and unreasonable to be believed. That argument might properly have been made to the jury that tried appellant as persuasive that the testimony of appellant was to be believed rather than that of the Commonwealth's witnesses. The question, however, of the credibility of the witnesses and their testimony is one within certain legal limitations exclusively for the jury. Certainly this is not a case in which it can be said that the verdict of the jury is flagrantly against the evidence.

It is insisted for appellant that the trial court erred in permitting evidence to go to the jury that on the night in question and after the defendants had discharged their guns into the home of the witnesses for the Commonwealth, they left his home and at other places in the neighborhood also discharged their guns and intimidated other people. If, under the facts of this case, the admission of that testimony was error, we find that appellant waived the error by failing to object to the introduction of that testimony. Hence, that question is not available as a reason for reversing the judgment herein.

Appellant insists that the attorney for the Commonwealth was guilty of such misconduct in his closing argu-

ment to the jury as to require that the judgment herein be reversed. He complains that the attorney for the Commonwealth emphasized the fact, both in the introduction of evidence and in his argument, that the defendant lived on Barnes mountain. The record discloses that the defendants do live on Barnes mountain, and, since that was the fact, there was no impropriety in the Commonwealth's attorney emphasizing it in his argument to the jury. The record discloses that in his argument the attorney for the Commonwealth said that people on Barnes mountain had been shooting into people's houses and had not been convicted, and that unless the juries went to convicting them the county would be ruined. The evidence for the Commonwealth tended to establish that people on Barnes mountain had been shooting into people's houses. It would seem that the Commonwealth's attorney was authorized to comment upon that fact in his argument to the jury, since it was the very gist of the crime for which the defendants were being tried. Perhaps the attorney for the Commonwealth should not have commented upon the fact that no one had been convicted, but appellant seems to be the first of the defendants to have been tried for this offense, and hence none of them had been convicted. Whether there had been a previous mistrial of some of these cases does not appear; but the court is unable to conclude that the statement that no one had been convicted, if erroneous, was prejudicial to appellant's substantial rights under the facts of this case. If, by that statement, the jury was given to understand that others of those jointly indicted with this defendant had been tried and acquitted, it seems to the court that the statement would have been favorable rather than prejudicial to appellant. The statement objected to that "the gang of outlaws on Barnes mountain is a disgrace to Estill county," while perhaps a rough way of expressing the thought, the court concludes was warranted by the facts of this case. If the testimony of the witnesses for the Commonwealth is to be believed there was a band of outlaws on Barnes mountain disgracing that county. Considering the portions of the argument of the attorney for the Commonwealth excepted to and complained of in the light of the testimony of the witnesses for the Commonwealth, this court is unable to hold the court's failure to sustain appellant's objection to it prejudicially erroneous.

Upon the whole case we are unable to find in the record any error committed upon the trial hereof to the prejudice of appellant's substantial rights, and therefore the judgment herein is affirmed.